**Shirley J. ELLIOT**

v.

**LIFE OF THE SOUTH INSURANCE CO., et al.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Feb. 12, 2008 Session.

March 31, 2008.

Permission to Appeal Denied by
Supreme Court Oct. 27, 2008.

M.J. Hoover III, Knoxville, Tennessee, for the appellant, Shirley J. Elliot.

Christopher D. Heagerty, Knoxville, Tennessee, for the appellee, Life of the South Insurance Company.

Christopher W. Conner, Maryville, Tennessee, for the appellee, Amtrust Bank.

Linda J. Hamilton Mowles and Tara L. Dalton, Knoxville, Tennessee, for the appellees, Cappo Management, Inc. and Dave Lawson.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

The Plaintiff was issued a credit disability insurance policy based upon an application she executed when she purchased a vehicle from an auto dealership. Thereafter, the Plaintiff was diagnosed with cancer which prevented her from working, and she applied for benefits under the policy. The insurer refused to pay, and the Plaintiff filed suit against the insurer, the bank that financed the vehicle purchase, the auto dealership, and the dealership employee who assisted the Plaintiff in preparing the insurance application. The Plaintiff's suit sought recovery on the policy and asserted various other causes of action, including alleged violations of the Tennessee Consumer Protection Act and the Americans With Disabilities Act. Upon the Defendants' motions for summary judgment, the trial court dismissed the case. After reviewing the record, we find that none of the Defendants' motions for summary judgment addressed the issue of whether the auto dealership employee engaged in deceptive practices in assisting the Plaintiff in her application for the credit disability insurance. Accordingly, we reverse the trial court's ruling as to the Plaintiff's causes of action against all of the Defendants for violation of the Tennessee Consumer Protection Act and as to Life of the South for violation of the Americans With Disabilities Act, and we affirm summary judgment in favor of the Defendants as to all of the Plaintiff's remaining causes of action.

## I. Background

In August of 2003, Shirley J. Elliot purchased a Dodge Ram truck from Cappo Management, Inc. d/b/a East Tennessee Dodge–Chrysler–Jeep (hereinafter "East Tennessee Dodge"). The purchase was financed by Amtrust Bank (hereinafter "Amtrust"), a division of Ohio Savings Bank, FSB. At or around the time of purchase, with the assistance of East Tennessee Dodge employee Dave Lawson, Ms. Elliot completed an application for credit disability insurance through Life of the South Insurance Company (hereinafter "Life of the South"). The application in-

cluded a question as to whether, in the two years preceding the time of application, the applicant had been "diagnosed, treated (including medication), consulted or received advice from a physician ... for conditions, diseases or disorders of the following: neck; back; knee; nervous system, brain; or any mental condition, disease or disorder; or paralysis." The "No" box was checked next to this question and initialed by Ms. Elliot, who also signed the application. Later, based upon this application, Life of the South issued Ms. Elliot a credit disability insurance policy.

Four months later, in December of 2003, Ms. Elliot was diagnosed with cancer which allegedly caused her to become disabled and unable to work. She submitted a claim to Life of the South for benefits under her credit disability policy to pay the monthly payments due on the truck she had purchased from East Tennessee Dodge. However, Life of the South denied the claim upon the ground that, contrary to her negative response to the above noted question in the application regarding her medical history, Ms. Elliot had, within two years of the application, consulted one physician for neck and leg pain and another physician for neck pain and overall body pain.

In August of 2004, Ms. Elliot filed a complaint seeking recovery under the policy and damages against Life of the South for alleged bad faith failure to promptly pay benefits in violation of Tenn.Code Ann. § 56–7–105(a) and violation of the Tennessee Consumer Protection Act (hereinafter "TCPA") codified at Tenn.Code Ann. § 47–18–101, *et seq.* The complaint also charged Amtrust with violation of the Fair Debt Collection Practices Act and sought to enjoin Amtrust from repossessing the truck. Subsequently, on August 18, 2005, Ms. Elliot filed an amended complaint against Life of the South, Amtrust, East

Tennessee Dodge, and Dave Lawson. This amended complaint charges that Dave Lawson "solicited and sold" Ms. Elliot the credit disability insurance while acting as an employee of East Tennessee Dodge and as an agent for Life of the South. Further, the complaint set forth allegations as to the circumstances surrounding the preparation and execution of the application for such insurance, and charges that Mr. Lawson was not licensed to sell the insurance at the time. The complaint also charges Life of the South with breach of contract because of its refusal to make payments due Amtrust on the truck after Ms. Elliot became disabled; bad faith failure to pay promptly, and violation of the Americans with Disabilities Act, codified at 42 U.S.C. § 12101, *et seq.*, (hereinafter "ADA") upon allegation that Life of the South "employed unfair and deceptive practices in the solicitation, sale, underwriting and investigation" of the issuance of the subject insurance policy. The complaint charges Amtrust with violation of the Fair Debt Collection Practices Act. And finally, the complaint charges all of the Defendants with violation of the TCPA alleging "that the Defendants employed unfair and deceptive trade practices prior to, during, and after the sale of the subject vehicle."

All the Defendants filed motions for summary judgment which came on for hearing and were subsequently granted by orders of the trial court entered in September and October of 2006. Ms. Elliot then filed a motion pursuant to Tenn. R. Civ. P. 56.04 to alter or vacate the orders for summary judgment. This motion was denied by order of April 23, 2007, and Ms. Elliot's appeal of such order followed.

## II. Issues

The issues we address are:

1) Whether the trial court erred in failing to grant Ms. Elliot a continuance before ruling on the Defendants' motions for summary judgment.

2) Whether the trial court erred in granting summary judgment to the Defendants.

■ Although Ms. Elliot appealed the order denying her motion to alter or vacate the orders for summary judgment, our review is not limited to only that order as it is well settled that the notice of appeal is not a review limiting device, and we may consider any question presented, including the grant of summary judgment. *See Dunlap v. Dunlap,* 996 S.W.2d 803, 810–11 (Tenn.Ct.App.1999); *Thompson v. Logan,* No. M2005–02379–COA–R3–CV, 2007 WL 2405130 (Tenn. Ct.App. E.S., filed Aug. 23, 2007).

### III. Analysis

### A. Standard of Review

Summary judgments enable courts to conclude cases that can and should be resolved on dispositive legal issues. *See Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); *Airport Props. Ltd. v. Gulf Coast Dev., Inc.,* 900 S.W.2d 695, 697 (Tenn.Ct. App.1995). They are appropriate only when the facts material to the dispositive legal issues are undisputed. Accordingly, they should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute. *See Bellamy v. Federal Express Corp.,* 749 S.W.2d 31, 33 (Tenn.1988).

To be entitled to a summary judgment, the moving party must demonstrate that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Byrd,* 847 S.W.2d at 210; *Planet Rock, Inc. v. Regis Ins. Co.,* 6 S.W.3d 484, 490

(Tenn.Ct.App.1999). A summary judgment should not be granted, however, when a genuine dispute exists with regard to any material fact. *Seavers v. Methodist Med. Ctr.,* 9 S.W.3d 86, 97 (Tenn.1999); *Hogins v. Ross,* 988 S.W.2d 685, 689 (Tenn.Ct.App.1998). Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50–51 (Tenn.1997); *Aghili v. Saadatnejadi,* 958 S.W.2d 784, 787 (Tenn.Ct.App.1997). Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd,* 847 S.W.2d at 210; and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). A party seeking a summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd,* 847 S.W.2d at 214.

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd* 847 S.W.2d at 215; *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn.1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

■ Summary judgments do not enjoy a presumption of correctness on ap-

peal. *See Nelson v. Martin,* 958 S.W.2d 643, 646 (Tenn.1997); *City of Tullahoma v. Bedford County,* 938 S.W.2d 408, 412 (Tenn.1997). Accordingly, when we review a summary judgment, we view all the evidence in the light most favorable to the non-movant, and we resolve all factual inferences in the non-movant's favor. *See Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn.1999); *Muhlheim v. Knox County Bd. of Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). A summary judgment will be upheld only when the undisputed facts reasonably support one conclusion-that the moving party is entitled to a judgment as a matter of law. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn.1998); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn.1995).

### B. Failure to Grant Continuance

Ms. Elliot argues that the trial court should not have granted the motions for summary judgment without first considering additional issues she allegedly raised in an amended complaint. We do not agree for several reasons.

■ First, Ms. Elliot's "amended complaint" was not properly filed. She filed more than one amended complaint in this case, and she fails to specify which complaint she refers to in her brief. Our review of the record reveals that by order entered May 19, 2005, the trial court granted Ms. Elliot's motion to file an amended complaint, and she did so on August 18, 2005, pursuant to this order. All of the Defendants filed answers and later, motions for summary judgment, with respect to this complaint. A pleading designated "Second Amended Complaint" was filed on April 27, 2006, but there is nothing in the record to show that Ms. Elliot was ever granted leave to file this complaint as required by Tenn. R. Civ. P. 15.01, which provides in pertinent part as follows:

A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Given that Ms. Elliot had already amended her complaint once, she was required to obtain the Defendants' written consent or leave of court to further amend her complaint, and she did neither.

Second, even if Ms. Elliot had complied with Tenn. R. Civ. P. 15.01, there is nothing in the record to show that she ever, either by pleading or orally, requested that the trial court continue the hearing on the motions for summary judgment in order that it might consider issues raised for the first time by the "amended complaint" filed April 27, 2006. Tenn. R. Civ. P. 56.04 requires that a motion for summary judgment "shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five (5) days before the hearing." The Defendants' motions for summary judgment were all filed thirty or more days before the hearing. Tenn. R. Civ. P. 56.06 provides as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse

party does not so respond, summary judgment, if appropriate shall be entered against the adverse party.

■ Ms. Elliot failed to file a response as required by Rule 56.06 even though she had adequate time to do so. The trial court has broad discretion to grant or deny of a continuance of a scheduled case, and we will not set aside that decision unless there is a clear showing of abuse of discretion. *Barber & McMurry, Inc. v. Top-Flite Dev. Corp.*, 720 S.W.2d 469, 471 (Tenn.Ct.App.1986).

Finally, in addition to the apparent absence of any authorization to file the second amended complaint of April 27, 2006, and the absence of a motion for continuance, Ms. Elliot presents no argument as to why any matters raised for the first time in such complaint would have precluded an award of summary judgment to the Defendants given the facts and applicable law. In short, Ms. Elliot's argument that the trial court's grant of summary judgment was premature is without merit.

### C. Grounds for Summary Judgment

We now address Ms. Elliot's argument that there were inadequate grounds for granting summary judgment in this case.

Ms. Elliot apparently argues that summary judgment should not have been granted because the Defendants failed to demonstrate that there was not a genuine issue of material fact related to any misstatements Ms. Elliot may have made in her insurance application with respect to her cancer. More specifically, in this regard, Ms. Elliot contends that summary judgment was inappropriate because the Defendants did not elicit information from Ms. Elliot and her doctors that would have revealed that she was unaware that she had cancer when she executed the insurance application. We disagree.

First, it was not the duty of the Defendants to produce evidence in favor of Ms. Elliot, and she submits no legal authority for such argument. Second, Ms. Elliot's statement regarding what information her doctor would have provided is conclusory and speculative. Additionally, and most importantly, in the context of Ms. Elliot's responses on the insurance application, summary judgment was sought, not upon the ground that Ms. Elliot failed to disclose that she had cancer, but rather, because of the incorrect response to a question on the application asking if she had, within the preceding two years, consulted a physician for, among other things, a condition of the neck or back. There is no indication in the record that summary judgment was either granted or requested upon proof that Ms. Elliot did not disclose in the application that she had consulted a doctor for cancer or had been diagnosed with cancer. Ms. Elliot has failed to demonstrate how evidence of the time and circumstances of her cancer diagnosis was in any way relevant to the trial court's decision to grant summary judgment in this case.

Furthermore, Ms. Elliot did not respond to any of the motions for summary judgment despite the requirements of Tenn R. Civ. P. 56.03. A plaintiff cannot sit idly by when a motion for summary judgment is filed. Tennessee case law provides that "[t]he nonmoving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion." *Chambliss v. Stohler*, 124 S.W.3d 116, 121 (Tenn. Ct.App.2003).

Aside from Ms. Elliot's failure to properly respond to the Defendants' motions for summary judgment, based upon our independent review of the Defendants' motions for summary judgment, supporting

documentation and applicable law, we find no grounds for disagreement with the trial court's rulings as to any charges specifically challenged by the Defendants' motions for summary judgment, including any claims Ms. Elliot seeks to assert under the terms of the credit disability policy such as claims for breach of contract and claims for bad faith failure to pay benefits promptly.

Our conclusion with respect to claims asserted under the policy is based upon the well supported motions filed by Life of the South, East Tennessee Dodge, and Dave Lawson, which requested summary judgment upon proof that the application as executed by Ms. Elliot contained information regarding her prior medical history which she later admitted was untrue and that this was a material misrepresentation. Tennessee case law holds that an insurance policy is void ab initio if the applicant executed the application for the policy and such application contained a material misrepresentation and this law applies even where the agent of the insurer intentionally prepared the policy to contain false information in place of accurate information provided to him by the applicant. *See Giles v. Allstate Ins. Co.*, 871 S.W.2d 154 (Tenn.Ct.App.1993); *Hardin v. Combined Ins. Co. of Amer.*, 528 S.W.2d 31 (Tenn.Ct.App.1975). Further, Tenn.Code Ann. § 56–7–103 indicates that if a material misrepresentation was made in negotiating an insurance policy, such policy shall be deemed void, and this Court has noted on prior occasion that there has been a material misrepresentation when "the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability. *Loyd v. Farmers Mut. Fire Ins. Co.* 838 S.W.2d 542, 545 (Tenn.Ct.App.1992). There is no genuine issue of disputed fact that Ms. Elli-

ot's application for insurance contained a material factual misrepresentation in that she represented that she had not seen been diagnosed, treated, consulted or received advice from a doctor for a condition or disorder of the neck or back within two years when in fact she had been to the doctor within two years of the application complaining of neck pain and overall body pain. In addition, Life of the South filed an affidavit wherein its vice-president attested that Life of the South considers the question in the application regarding prior medical history to be the most important question in the application and material to its decision regarding whether the application will be accepted. Accordingly, we conclude that the credit disability insurance policy between Ms. Elliot and Life of the South was void ab initio.

We have also carefully reviewed Amtrust's motion for summary judgment, supporting documentation and the applicable law, and we find no error as to the trial court's grant of summary judgment in favor of that Defendant as to Ms. Elliot's alleged cause of action under the Fair Debt Collection Practices Act.

Although some of the allegations made by Ms. Elliot in her complaint were challenged by the Defendants in their motions for summary judgment and were properly dismissed, the Defendants' motions for summary judgment did not deal with all the issues raised by Ms. Elliot in her complaint and amended complaint. Therefore, dismissal of her entire case was not warranted. The Defendants' motions for summary judgment did not raise any issue regarding the Defendants' alleged violations of the TCPA and Life of the South's alleged violation of the ADA. Since these issues were not raised, they were not before the court, and Ms. Elliot's obligation to respond was never triggered.

As noted, in her complaint, Ms. Elliot charged all of the Defendants with violation of the TCPA. In that regard, the complaint specifically provides as follows:

> The Plaintiff avers that the defendants willingly, knowingly and maliciously engaged in unfair and deceptive acts or practices in violation of the Tennessee Consumer Protection Act, T.C.A. § 47–18–101, et seq[1]. The Plaintiff avers that the Defendants employed unfair and deceptive trade practices prior to, during and after the sale of the subject vehicle. As a proximate result of Defendants' violation of the Act, the Plaintiff has sustained damages.

With specific regard to the TCPA, we have heretofore noted that breach of contract and violation of the TCPA constitute two different causes of action, *Hall v. Hamblen*, No. M2002–00562–COA–R3–CV, 2004 WL 1838180, at *6 (Tenn. Ct.App. M.S., filed Aug. 16, 2004).

The complaint also specifically charges Life of the South with violation of the ADA, as follows:

> The Plaintiff avers that the defendant, Life of the South Insurance Company willingly, knowingly, and maliciously engaged in unfair and deceptive acts or practices in violation of the Americans with Disabilities Act in violation of 42 U.S.C. § 1981[sic][2], et seq. The Plaintiff avers that the Defendant Life of the South Insurance Company employed unfair and deceptive practices in the solicitation, sale, underwriting and investigation of the issuance of the credit life and disability insurance policy to the Plaintiff. The Plaintiff avers that as a proximate result of the Defendant's violation of the Act that the Plaintiff sustained damages.

In addition, the complaint sets forth the following allegations with respect to the circumstances of the preparation and execution of the application for insurance:

> Mr. Lawson prepared and placed checkmarks on the form which bore the designation of Life of the South Insurance Company GROUP POLICY NUMBER CERTIFICATE NO. 28346, Customer Acct. No. 836023, and was entitled, "SCHEDULE OF INSURANCE" and in particular questions 1–3 in the section entitled, "STATEMENT OF DEBTOR'S PHYSICAL CONDITION FOR LOANS OF $25,000 OR GREATER."

> The Plaintiff avers that Mr. Lawson asked her only two (2) questions in preparing this form. The first question was, "Have you ever been diagnosed with cancer?" The second question was, "Are you presently working 40 hours a week at your job?"

> Mr. Lawson instructed the Plaintiff to place her initials above to [sic] the three boxes in which Mr. Lawson had made checkmarks and to sign at the bottom of the form.

> The Plaintiff justifiably relied on Mr. Lawson and executed the form as instructed.

Since none of the Defendants' motions for summary judgment raised any issue as to these grounds of recovery, the trial court erred in granting summary judg-

---

**1.** Tenn.Code Ann. § 47–18–109(a)(1) provides as follows:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover damages.

**2.** As we have previously stated in this opinion, the ADA is codified at 42 U.S.C. § 12101, *et seq.*, not 42 U.S.C. § 1981, *et seq.*

ment on these claims. In reaching this conclusion, we would emphasize that we make no determination that the charges at issue have merit, but only that the pleadings and proof do not support their dismissal by summary judgment.

### IV. Conclusion

For the foregoing reasons, we affirm the trial court's orders for summary judgment as to all of the Defendants except that, as to Dave Lawson, Cappo Management d/b/a East Tennessee Dodge, and Life of the South, the trial court's orders for summary judgment are reversed to the extent that they pertain to claims for violation of the Tennessee Consumer Protection Act and the Americans with Disabilities Act as the result of the allegedly fraudulent conduct of Mr. Lawson in assisting Ms. Elliot in the preparation of the insurance application form. Costs of appeal are assessed among Shirley J. Elliot, Dave Lawson, Cappo Management d/b/a East Tennessee Dodge, and Life of the South Insurance Company, equally.