IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 19, 2011 Session

## ROY L. LAWHON, v. MOUNTAIN LIFE INSURANCE COMPANY

**Appeal from the Chancery Court for Loudon County**
**No. 11228     Hon. Frank V. Williams, III., Chancellor**

**No. E2011-00045-COA-R3-CV-FILED-NOVEMBER 21, 2011**

Plaintiff made claim for credit disability insurance coverage after he became disabled, and defendant insurance company denied benefits on the grounds of misrepresentations in the application for insurance, which he had executed. The Trial Court ruled in favor of plaintiff on the grounds that misrepresentations in the application did not increase the risk of loss. On appeal, we reverse the Trial Court's Judgment because the misrepresentations contained in the application for insurance increase defendant's risk of loss under the statute.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Heather G. Anderson, Knoxville,  Tennessee, for the appellant, Mountain Life Insurance Company.

W. Holt Smith, Madisonville, Tennessee, for the appellee, Roy L. Lawhon.

### OPINION

Plaintiff brought this action against Tilley Lane, Inc., alleging that he had purchased a vehicle from defendant, and its employees solicited him to purchase credit disability insurance. He averred that he purchased such insurance, and then was injured on the job and became disabled. He made claim under the policy but he was denied in a letter advising him

that the benefits would not be paid due to misrepresentations on the application for insurance. His complaint denied any misrepresentations, and he alleged that defendant had engaged in unfair business practices pursuant to the Tennessee Consumer Protection Act.

He attached his application for disability benefits, and also attached a letter from Mountain Life Insurance, explaining that they had reviewed plaintiff's medical records, and that he did not disclose his full health history on the application, and explained that plaintiff was unable to work on the day he made application and thus was not eligible for that insurance. Further, that Mountain Life had refunded plaintiff's premium paid.

Plaintiff filed an Amended Complaint, naming Mountain Life as an additional defendant, and Mountain Life answered, stating that the insurance was void because plaintiff's medical records showed material misrepresentations on the insurance application, and it counter-claimed for attorney's fees. Subsequently Mountain Life filed a Motion for Summary Judgment, which the Trial Court denied, and the case went to trial.

Following a lengthy evidential hearing, the Trial Court entered a Final Judgment, and found that plaintiff's version of the events was to be credited, and that plaintiff was working up until the time of his surgery, that when he went into the dealership he was using a cane, and that someone at Tilley Lane told him if he had insurance that would have paid his payments while he was out of work. The Court found that Taylor was the finance manager for Tilley Lane, and was also an agent for Mountain Life. The Court found that plaintiff did not fill out the insurance application nor mark the boxes. The Court found that Taylor was benefitted by filling out the application as he did because the dealership would make something from the sale of the insurance. The Court found that plaintiff relied to his detriment on the employees at Tilley Lane and the Mountain Life agent, who filled out the application, to do it properly.

The Court further found that plaintiff was induced to sign the application, although it was filled out incorrectly, and that plaintiff would have met the definition of actively employed if he had taken out the insurance two days before his surgery because he was still performing the duties of his regular occupation. The Court said that plaintiff made no claim for disability or unemployment benefits after his hip surgery, but was in the process of making himself better to do his work. The Court said that if plaintiff had become disabled due to a heart attack or pulmonary problem, then those conditions would have increased the risk of loss, but they didn't where the ultimate disabling injury was to plaintiff's back. The Court further found that there was no proof that the injury to plaintiff's back was caused by anything contained in his medical records, and that the evidence that someone besides plaintiff completed the application was clear and convincing, and that there was no violation of the TCPA. The Court found plaintiff was entitled to judgment against Mountain Life for

$22,728.00 plus prejudgment interest and discretionary costs.

Mountain Life brought this appeal and presented these issues:

1.   Whether the insured provided false information on his application for insurance such that the contract of insurance was defeated under Tenn. Code Ann. §56-7-103?

2.   Whether the Trial Court erred in permitting the insured to recover based on the "I didn't read it" defense even though the insured signed the completed application after being given the opportunity to review it?

3.   Whether the Trial Court erred in requiring the insured's misrepresented health condition to be the actual hazard which caused the disability?

4.   Whether the Trial Court erred in finding that the agent's acts and/or omissions excused the insured from the misrepresentation on the application or prohibited the insurer from rescinding coverage?

Mountain Life argues that the provisions of Tenn. Code Ann. §56-7-103 render this insurance contract void. Tenn. Code Ann. §56-7-103 provides:

No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or <u>unless the matter represented increases the risk of loss</u>.

(Emphasis added).

Tennessee courts have held that to avoid coverage under this statute, the insurer must show that (1) the application contained false information, (2) the false information was given with the intent to deceive the insurer, or (3) the false information materially increased the risk of loss to the insurer. *McPherson v. Fortis Insurance Co.*, 2004 WL 1123529 (Tenn. Ct. App. Jan. 12, 2004); *see also Womack v. Blue Cross Blue Shield*, 593 S.W.2d 294 (Tenn. 1980); *Spellmeyer v. Tenn. Farmers Mut. Ins.*, 879 S.W.2d 843 (Tenn. Ct. App. 1993).

Our courts have also held that if the misrepresentation naturally and reasonably influenced the judgment of the insurer in making the insurance contract, then it increased the insurer's risk of loss; further, this is a question of law. *See McPherson*, *supra*; *see also*

*Spellmeyer*, *supra* ("The insured has a duty to disclose information which is material to the risk involved. Whether undisclosed information is material is a question of law for the court."). The trial court's conclusions of law are reviewed *de novo* with no presumption of correctness. *Campbell v. Florida Steel*, 919 S.W.2d 26 (Tenn. 1996).

In this case, there is no dispute by any party that the application for credit life/disability insurance contained material misrepresentations. The Trial Court credited plaintiff's version of the events surrounding the purchase of the vehicle and the execution of the documents, and found that plaintiff did not give false information with the intent to deceive the insurer. Rather, the Trial Court found that the application was filled out by someone else, and plaintiff merely signed it. Thus, there was a question of law for the Court to resolve regarding whether the false information materially increased the risk of loss to the insurer.

The Trial Court held that the false information did not materially increase the risk to Mountain Life, apparently because the disability which plaintiff ultimately suffered from, i.e. a back injury, was not related to the prior history of heart and pulmonary problems which plaintiff failed to disclose. However, this Court has previously held that "rescission is proper regardless of whether the misrepresentations are related to any actual loss under the policy. It does not matter that the insured's misrepresentations which increase the risk of loss to the insurer are unrelated to any actual loss under the policy." *See McPherson*.

This Court went on to explain:

The fact that an insured makes material misrepresentations related to his medical condition is sufficient to increase the risk of loss to an insurer. If the condition misrepresented by the insured on an application was required to be related to the actual loss, it would work an injustice upon the insurer because it would prevent the insurer from rescinding a contract when the misrepresentation itself actually induced the making of the contract and the issuance of the policy. The fact that the plaintiff misrepresented his health history with regard to prostatitis, skin cancer and depression, is sufficient basis to rescind the policy, even though the actual loss under the Fortis policy relates to back surgery and not to any of the conditions about which McPherson made the misrepresentations.

*McPherson*, at p. 5. *See also National Life & Acc. Ins. Co. v. American Trust Co.*, 68 S.W.2d 971, 994 (Tenn. Ct. App. 1933).

In this case plaintiff admitted that he had been treated for years for chronic pulmonary problems and an irregular heartbeat, prior to the date he applied for the insurance. He had

also had two hip replacement surgeries, which he admitted in his testimony. It is undisputed, however, that none of these conditions were disclosed on the application. A representative for Mountain Life, testified that all of these conditions would have increased the risk of loss to Mountain Life, as people with COPD and/or orthopedic issues are more likely to become disabled. The witness testified that she had never known of a single instance where Mountain Life had issued disability insurance to a person with COPD. Accordingly, the Trial Court's conclusion that the misrepresentations on plaintiff's application did not increase the risk of loss to Mountain Life, is not supported by any evidence. This Court has previously explained:

> The courts may use the questions an insurance company asks on its application to determine the types of conditions or circumstances that the insurance company considers relevant to its risk of loss. Additionally, the courts frequently rely on the testimony of insurance company representatives to establish how truthful answers by the proposed insured would have affected the amount of the premium or the company's decision to issue the policy. A finding that the insurer would not have issued the policy had the truth been disclosed is unnecessary; a showing that the insurer was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability is sufficient to establish the grounds for an increased risk of loss. . . .
>
> Tenn.Code Ann. § 56-7-103 does not require a "material" increase in the risk of loss before an insurance claim can be rejected. It is the misrepresentation that must be material, and the statute clearly states that a misrepresentation will not be deemed material unless it increases the risk of loss to the insurer. Therefore, the correct inquiry in cases involving Tenn.Code Ann. § 56-7-103 is simply whether the misrepresentation increased the insurance company's risk of loss.

*Estate of Howard v. First Comm. Bank of East Tenn.*, 2009 WL 499541 (Tenn. Ct. App. Feb. 27, 2009). The evidence establishes that the misrepresentation on plaintiff's application increased Mountain Life's risk of loss, and the Trial Court ruling was in error.

The law is well-settled in this State that an insured who signs but fails to read an application will be conclusively presumed to know its contents, and must suffer the consequences of his own negligence. *Beasley v. Metropolitan Life Ins. Co.*, 229 S.W.2d 146 (Tenn. 1950) *Giles v. Allstate*, 871 S.W.2d 154 (Tenn. Ct. App. 1993); *Montgomery v. Reserve Life Ins.*, 585 S.W.2d 620 (Tenn. Ct. App.1979). *Kiser v. Wolfe*, 2011 WL 3690069 (Tenn. Aug. 24, 2011); *McPherson*. A person who signs an application without reading the same is bound by the answers contained therein, and is estopped to deny it. *Kiser* and *McPherson*. If there is a misrepresentation that increases the insurer's risk of loss, the policy

is void regardless of whether there was an intent to deceive. *Id.*

It matters not whether the agent filled out the application wrong or even whether the agent intentionally put down answers which he knew to be false, the applicant who signs the application affirms the answers contained in the application. *See Beasley*, *Giles*, *McPherson*,.[1] As this Court has previously explained:

> Tennessee case law holds that an insurance policy is void *ab initio* if the applicant executed the application for the policy and such application contained a material misrepresentation and this law applies even where the agent of the insurer intentionally prepared the policy to contain false information in place of accurate information provided to him by the applicant. Further, Tenn.Code Ann. § 56-7-103 indicates that if a material misrepresentation was made in negotiating an insurance policy, such policy shall be deemed void, and this Court has noted on prior occasion that there has been a material misrepresentation when the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability. There is no genuine issue of disputed fact that Ms. Elliot's application for insurance contained a material factual misrepresentation in that she represented that she had not seen been diagnosed, treated, consulted or received advice from a doctor for a condition or disorder of the neck or back within two years when in fact she had been to the doctor within two years of the application complaining of neck pain and overall body pain. In addition, Life of the South filed an affidavit wherein its vice-president attested that Life of the South considers the question in the application regarding prior medical history to be the most important question in the application and material to its decision regarding whether the application will be accepted. Accordingly, we conclude that the credit disability insurance policy between Ms. Elliot and Life of the South was void *ab initio*.

*Elliot v. Life of the South Ins. Co.*, 296 S.W.3d 64 (Tenn. Ct. App. 2008)(citations omitted).

---

[1] In *Beasley*, the insurance agent knew the applicant had been sick and undergoing treatment, went to the applicant's house in the evening to have the forms signed and was greeted by the applicant, who was obviously sick and dressed in a bathrobe, etc., yet the agent filled out the forms in such a way that it did not disclose the applicant's true health condition, and the applicant signed the application without reading it. In *Giles*, the applicant had previously suffered a fire loss and had her insurance company refuse to renew her policy, which was why she sought insurance with Allstate. Plaintiff claimed that she disclosed this to the agent, but that the agent filled out the form and omitted same, and she signed it without reading it. In *McPherson*, the applicant and/or his secretary claimed to have truthfully answered questions regarding his health history in a phone call with the agent, but the agent did not disclose the applicant's true health history on the application, then sent it to the applicant for his signature - he also signed it without reading it. In all of these cases, the court found for the insurance company based on the misrepresentations in the applications.

Similarly, in *Beasley v. Metropolitan Life Ins. Co.*, 229 S.W.2d 146 (Tenn. 1950), the Supreme Court stated:

> To permit a party, when sued on a written contract, to admit that he signed it, but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts. In this connection it has been said that one is under a duty to learn the contents of a written contract before he signs it, and that if, without being the victim of fraud, he fails to read the contract or otherwise to learn its contents, he signs the same at his peril, and is estopped to deny his obligation, will be conclusively presumed to know the contents of the contract, and must suffer the consequences of his own negligence.

In this case, it is understood that the plaintiff signed the application that had already been filled out, and he stated that he did not read the document and did not know the misrepresentations were set forth in the document. Under these circumstances, the plaintiff is bound by the application that he willingly signed, and the Trial Court was in error in failing to allow Mountain Life to rescind the insurance contract based on the misrepresentations contained in the application which increased Mountain Life's risk of loss.

The Trial Court's Judgment is reversed and the cause remanded for the purpose of rescinding the insurance policy issued by Mountain Life, and the costs of the appeal are assessed to the plaintiff, Roy L. Lawhon.

_____
HERSCHEL PICKENS FRANKS, P.J.