IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 15, 2019 Session

FILED
05/06/2019
Clerk of the
Appellate Courts

## ALLEN K. WALLACE v. CITY OF MEMPHIS

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1782-1   Walter L. Evans, Judge**

_____

**No. W2017-02237-COA-R3-CV**

_____

A City of Memphis firefighter was terminated based on alleged off-duty misconduct. The firefighter appealed his termination to the Civil Service Commission. After a hearing, the Civil Service Commission issued a decision recommending that the firefighter be restored to his previous position with full back pay and benefits. The City restored the firefighter to his previous rank and position but refused to pay the back pay and benefits owed. As a consequence, the firefighter filed a verified petition in chancery court to enforce the Civil Service Commission's decision to which the City filed an answer without raising any affirmative defenses. Thereafter, the firefighter filed a properly-supported motion for summary judgment along with a statement of undisputed facts. Because the City did not file a response to the motion or the statement of undisputed facts as required by Tenn. R. Civ. P. 56, and the undisputed facts established that the firefighter was entitled to judgment as a matter of law, the trial court granted the motion for summary judgment. The trial court also awarded post-judgment interest from the date of the trial court's order granting summary judgment but not from the date of the Civil Service Commission's decision as requested by the firefighter. Both parties appealed. We affirm the grant of summary judgment but reverse and remand for a calculation of post-judgment interest from the date of the Civil Service Commission's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Reversed in Part and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in J. STEVEN STAFFORD, P.J., W.S. and WILLIAM B. ACREE, Senior Judge, joined.

Barbaralette G. Davis, Memphis, Tennessee, for the appellant, City of Memphis.

John F. Canale, III, Memphis, Tennessee, for the appellee, Allen K. Wallace.

**OPINION**

Allen K. Wallace was employed by the City of Memphis ("the City") for thirteen years as a firefighter. While off duty on October 18, 2014, Mr. Wallace was arrested for various offenses, including a DUI, in Greenwood, Mississippi. After a disciplinary hearing on November 17, 2014, Mr. Wallace was terminated from his position with the Division of Fire Services with the City. The sole basis for his termination was the October 2014 arrest. Mr. Wallace timely appealed his termination to the Civil Service Commission. In the interim, all charges brought by the City of Greenwood were dismissed, and the records of Mr. Wallace's arrest were expunged from the public record by Order of the County Court of Leflore County, Mississippi.

A hearing was held before the Civil Service Commission on May 10, 2016, and the Commission issued its final decision on September 2, 2016. The Commission found that because the City based its decision to terminate Mr. Wallace solely on the arrest that was later dismissed and expunged, the City did not establish by a preponderance of the evidence that its termination of Mr. Wallace's thirteen-year employment was reasonable, under all the circumstances. The Commission ordered that Mr. Wallace be restored to his previous position with full back pay and benefits.

Shortly thereafter, the City restored Mr. Wallace to his previous rank of firefighter/paramedic but refused to pay Mr. Wallace the back pay and benefits owed to him per the Commission's order, stating that Mr. Wallace failed to mitigate his damages by seeking other employment/income while he was terminated.

On October 12, 2016, Mr. Wallace moved for the Commission to enforce the judgment awarding full back pay and benefits; however, the Commission denied the motion, finding that it lacked the statutory authority to enforce the order.

As a result, on November 21, 2016, Mr. Wallace filed a Verified Petition to Enforce the City of Memphis Civil Service Commission Judgment and for Injunctive Relief in the Chancery Court of Shelby County. The City filed its response on December 22, 2016, in which it raised for the first time the defense of Mr. Wallace's failure to mitigate his damages.

On June 17, 2017, Mr. Wallace filed a motion for summary judgment, memorandum of law in support, and a statement of undisputed facts. He attached as exhibits the hearing transcript from the Civil Service Commission and a copy of the Commissioner's decision. In relevant part, the statement of undisputed facts asserted the following:

8. At no time during the [Civil Service Commission] hearing, neither before, during or after proof was taken, did [the City] even raise the issue of mitigation of damages before the Civil Service Commission.

9. On September 2, 2016, the Civil Service Commission issued its decision.

10. The Civil Service Commission held, in part, "The City's November 17, 2014 disciplinary action terminating Mr. Wallace's 13 year [Memphis Fire Department] employment must therefore be reversed, and he should be restored to his previous position of employment with full back pay and benefits."

11. On September 19, 2016, counsel for [the City], via email communication, informed counsel for [Mr. Wallace] that [the City] would not comply with the Civil Service Commission's Decision relating to the award of back pay. Specifically, counsel for [the City] stated, "However, given that your client has failed to mitigate damages, the City's position has to be that he is not entitled to a back pay award."

12. [The City] failed to file a timely petition for appeal or reconsideration of the Civil Service Commission's Decision pursuant to Tenn. Code Ann. §§ 4-5-315 and 317, respectively. Consequently, the Civil Service Commission's Decision became a final order pursuant to Tenn. Code Ann. § 4-5-314.

Significantly, the City failed to file a response to the motion for summary judgment and did not respond to Mr. Wallace's statement of undisputed facts as required by Tenn. R. Civ. P. 56.

Following a hearing on the motion for summary judgment on September 15, 2017, the trial court announced from the bench that it was granting the motion and instructed the parties to resolve the calculation of the back pay owed to Mr. Wallace. At a hearing on October 19, 2017, the parties agreed that the amount of back pay owed to Mr. Wallace was $109,265.67, and the trial court awarded post-judgment interest.

In its Order entered on October 20, 2017, with Nunc Pro Tunc to September 29, 2017, the trial court granted summary judgment to Mr. Wallace, finding that mitigation of damages is an affirmative defense that should have been raised before the Civil Service Commission. The trial court further held that the Commission had the apparent authority to award full back pay under the circumstances of this case and that the City's failure to raise the issue of mitigation of damages in that proceeding resulted in a waiver by the

City on that claim. Additionally, the trial court awarded Mr. Wallace post-judgment interest for the period beginning September 29, 2017.

The City presents two issues for our review which are beyond the scope of this appeal. Thus, we rephrase the City's issue to whether the trial court erred in granting Mr. Wallace's motion for summary judgment because there were no genuine issues of material fact, and Mr. Wallace was entitled to judgment as a matter of law.[1] Additionally, Mr. Wallace appeals the date of accrual for the post-judgment interest awarded.[2]

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

---

[1] In its brief, the City asks us to review the following issues:

1. Whether the authority of the Civil Service Commission is limited to determining the reasonableness of the disciplinary action taken by the City of Memphis upon the appeal of a City of Memphis employee whose employment was terminated based on the applicable statutory framework set out in the City of Memphis Code of Ordinances.
2. Whether the Chancellor committed error in determining that the City waived the affirmative defense of [Mr.] Wallace's duty to mitigate damages during the Civil Service Commission hearing when the enabling legislation does not give authority to the Commission to address such issues.

[2] Mr. Wallace raises these additional issues that we need not address based on our resolution of the dispositive issue in this case:

1. Whether the City of Memphis must comply with the award of "full back pay and benefits" to Mr. Wallace as decided by its Civil Service Commission?
2. Whether the City of Memphis waived its argument that the Commission lacked authority to award "full back pay and benefits" to Mr. Wallace because the City failed to timely and properly raise this issue?
3. Whether the City of Memphis has waived the affirmative defense of failure to mitigate damages by failing to proffer any evidence or otherwise to raise this affirmative defense before the Civil Service Commission?
4. Whether the City of Memphis waived its appeal rights before the Court of Appeals by failing to file any response to Mr. Wallace's Motion for Summary Judgment pursuant the requirements of TRCP, Rule 56.03 and .06?

Our review of a trial court's determinations on issues of law is de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).

## ANALYSIS

### I. SUMMARY JUDGMENT

Mr. Wallace moved for summary judgment based on the undisputed fact that the City waived the affirmative defense of mitigation of damages because the issue was never properly brought before either the Civil Service Commission or the trial court, and therefore, he was entitled to full back pay and benefits.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id.*

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215). Tennessee Rule of Civil Procedure 56.03 requires the moving party to support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact shall be set forth in a separate, numbered paragraph" and "supported by a specific citation to the record." *Id.*

If the moving party makes a properly-supported motion, "the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84 (citations omitted). Tennessee Rule of Civil Procedure 56.06 further explains, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.**

Tenn. R. Civ. P. 56.06 (emphasis added).

More specifically, Tennessee Rule of Civil Procedure 56.03 specifies that

[a]ny party opposing the motion for summary judgment **must**, not later than five days before the hearing, **serve and file a response** to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed.

Tenn. R. Civ. P. 56.03 (emphasis added). Thus, responding to a motion for summary judgment is a requirement, *see id.,* and parties on both sides of a summary judgment motion must heed these standards. *Robinson v. Currey*, 153 S.W.3d 32, 39 (Tenn. Ct. App. 2004). "Once confronted with a motion for summary judgment, the opponent to the motion cannot take it lightly and is required to demonstrate why granting a motion for summary judgment would be inappropriate." *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 940 (Tenn. Ct. App. 1984); *see also Bradley v. McLeod*, 984 S.W.2d 929, 932 (Tenn. Ct. App.1998) (noting the increasing frequency with which litigants fail to take motions for summary judgment seriously until they have been granted).

As this court previously has discussed, material facts set forth in the moving party's statement of undisputed facts may be deemed admitted in the absence of a statement challenging them by the opposing party. *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003); *see Whalum v. Marshall*, 224 S.W.3d 169, 178–80 (Tenn. Ct. App. 2006). "Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal." *Holland*, 125 S.W.3d at 428.

Here, Mr. Wallace filed a motion for summary judgment, memorandum of law in support, and a statement of undisputed facts with supporting exhibits. The City did not file a response to the motion. As previously explained, a party cannot sit idly by after a motion for summary judgment is filed. *Elliot v. Life of the S. Ins. Co.*, 296 S.W.3d 64, 70 (Tenn. Ct. App. 2008). Tennessee Rule of Civil Procedure 56.03 requires the non-moving party to file a response. Because the City did not respond to Mr. Wallace's statement of undisputed material facts, we must take Mr. Wallace's submitted statement of undisputed material facts as the facts in this case. *See* Tenn. R. Civ. P. 56.06. Therefore, we may examine only Mr. Wallace's statement of undisputed material facts to determine whether he is entitled to summary judgment based on these facts.

In his statement of undisputed facts, Mr. Wallace stated that the City never raised the issue of mitigation of damages before, during, or after the Civil Service Commission hearing. He then quoted the Commissioner's decision which stated, "the City's November 17, 2014 disciplinary action terminating Mr. Wallace's 13 year [Memphis Fire

Department] employment must therefore be reversed, and he should be restored to his previous position of employment with full back pay and benefits." Mr. Wallace further contended that the City "failed to file a timely petition for appeal or reconsideration of the Civil Service Commission's decision pursuant to Tenn. Code Ann. §§ 4-5-315 and 317, respectively," and that as a consequence, "the Civil Service Commission's [September 2, 2016] decision became a final order pursuant to Tenn. Code Ann. § 4-5-314."

Accepting these undisputed facts as true, the Civil Service Commission issued its decision on September 2, 2016, reinstating Mr. Wallace with full back pay and benefits. The City could have filed a petition for reconsideration with the Commission or appealed the decision to the chancery court within the time prescribed by statute. The City did neither of those things. Therefore, the Commission's decision awarding full back pay and benefits to Mr. Wallace became final, and as a result, the City waived the affirmative defense of mitigation of damages. Accordingly, we affirm the trial court's grant of summary judgment to Mr. Wallace.

## II. POST-JUDGMENT INTEREST

The trial court awarded Mr. Wallace post-judgment interest payable from the date of entry of the Order on Verified Petition to Enforce the City of Memphis Civil Service Commission Judgment and Granting Petition's Motion for Summary Judgment entered on October 19, 2017, with Nunc Pro Tunc to September 29, 2017. Mr. Wallace argues on appeal that he should have been awarded post-judgment interest beginning September 2, 2016, which is the date of the Commission's decision. We agree.

According to Tenn. Code Ann. § 47-14-122, "[i]nterest shall be computed on every judgment from the day on which … the court … returned the verdict without regard to a motion for a new trial." An administrative order becomes a final order if it is not timely appealed. *Sanderson v. Univ. of Tennessee*, No. 01A01-9607-CH-00289, 1997 WL 718427, at *4 (Tenn. Ct. App. Nov. 19, 1997). Post-judgment interest should begin to accrue from the date of entry of an administrative agency's final decision. *See Varnadoe v. McGhee*, 149 S.W.3d 644, 649 (Tenn. Ct. App. 2004). Our Supreme Court has also noted that

> A party's right to post-judgment interest is based on its entitlement to the use of proceeds of a judgment. The purpose of post-judgment interest is to compensate a successful plaintiff for being deprived of the compensation for its loss between the time of the entry of the judgment awarding the compensation until the payment of the judgment by the defendants. Accordingly, a party who enjoys the use of funds that should have been paid over to another party should pay interest on the retained funds.

*State v. Thompson*, 197 S.W.3d 685, 693 (Tenn. 2006).

Here, the Civil Service Commission issued its decision awarding Mr. Wallace "full back pay and benefits" on September 2, 2016. Pursuant to Tenn. Code Ann. §§ 4-5-314 and -318[3], the Commission's Decision became a final order on that date. Accordingly, post-judgment interest on Mr. Wallace's award began to accrue on September 2, 2016. Therefore, we reverse the trial court's award of post-judgment interest and remand with instructions to calculate post-judgment interest from September 2, 2016.

Because we are affirming the trial court's grant of summary judgment, we need not address the remaining issues Mr. Wallace has raised on appeal.

## IN CONCLUSION

The judgment of the trial court is affirmed in part, reversed in part, and remanded for the calculation of post-judgment interest in accordance with this opinion. Costs of appeal are assessed against the City of Memphis.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[3] Tenn. Code Ann. § 4-5-318(f) states that:

Unless a later date is stated in an initial order or a stay is granted, the time when an initial order becomes a final order in accordance with § 4-5-314 shall be as follows:

. . .

(3) Fifteen (15) days after entry of the initial order, if no party has filed a petition for appeal and the agency has not given written notice of its intention to exercise review.