*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT C. MARKS, SR.,

        *Plaintiff-Appellant,*

      *v.*

STATE OF TENNESSEE and the
ADMINISTRATIVE OFFICE of the STATE
COURTS,

        *Defendants-Appellees.*

No. 08-5042

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 06-01208—William J. Haynes, Jr., District Judge.

Submitted: October 29, 2008

Decided and Filed: February 10, 2009

Before: BATCHELDER, CLAY, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Robert C. Marks, Sr., Spring Hill, Tennessee, for Appellant. David E. Coenen, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge. Robert Marks appeals a district court order that dismissed his complaint for lack of jurisdiction on the basis of *Rooker-Feldman*. For the reasons that follow, we REVERSE and REMAND for further proceedings consistent with this opinion.

**I.**

Marks claims that during the litigation in state court of an attorney malpractice case in which he was the defendant, the State of Tennessee (i.e., a trial court judge) and the Tennessee Administrative Office of the Courts (AOC) discriminated and retaliated against him because of his disability. In the case that begot the malpractice case (that, in turn, begot the present case), a man named John Atkins had hired Robert Marks, then a practicing attorney, to sue a putatively negligent driver for damages resulting from an auto accident that had killed Atkins's wife and injured his three children. But Marks negligently allowed the statute of limitations to expire without filing the suit. In July 2001, Atkins sued Marks in the Montgomery County, Tennessee, Circuit Court, claiming attorney malpractice, and, in June 2002, that court granted Atkins a default judgment, which Atkins was initially unable to collect.

Marks is disabled — he has diabetes, diabetic neuropathy, multiple sclerosis, lymphedema, a constricted esophagus, and Liddle's Syndrome, and his right leg and one toe on his left foot have been amputated. The Tennessee Supreme Court suspended his law license in December 2002, due in part to his disability. Marks is a "qualified individual with a disability" and no one has suggested otherwise.

In May 2003, Atkins petitioned the state court to enforce a judgment lien against certain of Marks's property, specifically the assets of three spendthrift trusts of which Marks was beneficiary. Marks defended the claim himself and, due to his declining medical condition — which included hospital stays for amputations and resulting complications — he sought to delay the proceedings several times. When seeking these delays, however, Marks did not move the court for continuances (as an attorney ordinarily would); instead, Marks would fax a "Request for Modification" (RFM), pursuant to the Tennessee judiciary's ADA policy, to the AOC, which is the agency charged with administering the courts' ADA policy. Marks claimed that a "reasonable accommodation" for his disability would be additional time to prepare, and asked that the "setting or occurrence of the hearing[s] be conditioned on [a] medical release by [his] two [] treating physicians." The AOC refused to modify the judge's calendar, but did inform the judge of the requests. The judge admonished Marks and directed him to move for continuances rather than filing RFMs with

AOC, but nonetheless granted Marks a continuance every time he filed an RFM. The AOC therefore rejected Marks's complaints that he was not receiving the reasonable accommodation that he was due.

Eventually, after "numerous procedural delays in this matter due to Defendant Marks'[s] inability to participate and the obligation of the court to make accommodations to allow him to do so," the court granted Atkins's petition to open the spendthrift trusts in order to satisfy the judgment, and Marks appealed to the state appellate court. One of Marks's 18 issues on appeal was: "Whether the trial court erred in holding that the Americans with Disabilities Act and the procedures under Tenn. S. Ct. Rule 45 did not apply to trial courts except in cases involving physical barriers and auxiliary aids." While that appeal was pending, Marks sued the State and the AOC in federal district court, claiming discrimination and retaliation on the basis of his disability.

In the district court, the defendants moved to dismiss Marks's complaint on the basis that it was barred by the *Rooker-Feldman* doctrine. The defendants argued that because Marks's complaint challenged the trial court's refusal to allow him to use RFMs, rather than continuances, to delay the proceedings (despite the fact that the trial court had actually granted him every request), and because that challenge could be (and had been[1]) appealed to the state appellate court, the federal law suit was, in effect, an attempt to have the federal court review and remedy the state trial court's judgment — an action that is

---

[1]Since Marks's filing of this appeal and the parties' submission of their briefs, the Tennessee appellate court has ruled on Marks's state-court appeal. The court addressed this particular issue in a perfunctory fashion:

> On appeal, [Marks] raises the following issue:
> > Whether the trial court erred in holding that the Americans with Disabilities Act and the procedures under Tenn. S. Ct. R. 45 did not apply to trial courts except in cases involving physical barriers and auxiliary aids.
> [Marks's] entire argument on this issue is as follows:
> > The trial court so held by Order entered January 6, 2006. This is error because under the Judicial ADA Policy enacted pursuant to Rule 45, the 'Judicial Branch shall conduct its services, programs or activities, when viewed in their entirety, in a matter that is readily accessible to and useable by qualified individuals with disabilities.'
> (Citations to record omitted). After reviewing the record in light of the above argument, we conclude that this issue is without merit.

*Atkins v. Marks*, No. M2006-02514-COA-R3-CV, 2008 WL 2415466, *15 (Tenn. Ct. App., June 11, 2008).

expressly prohibited by the *Rooker-Feldman* doctrine.  The district court agreed with the defendants and dismissed Marks's complaint, explaining:

> In essence, in this action, [Marks] alleges that the trial judge improperly scheduled proceedings without due regard for his medical condition.  On one occasion, by facsimile, [Marks] sent a request for modification to the Administrative Office of the Courts, citing his medical problems and requesting a continuance.

> In more recent developments, in March 2006, the trial judge continued the April 13, 2006 hearing due to [Marks]'s medical condition.  According to his complaint, '[Marks] filed a Request for Modification on June 26, 2006, to split the remaining proof on the merits in *Atkins v. Marks* into hearings not lasting an entire day.'  The trial judge bifurcated the hearing into two three-hour sessions on June 30, 2006[,] and July 13, 2006.  On October 16, 2006, the state trial court entered its judgment against [Marks].

> After the entry of the judgment, [Marks] appealed to the Tennessee Court of Appeals[,] challenging the trial judge's orders granting continuances.  One of the appellate issues is 'Whether the trial court erred in holding that [the] Americans with Disabilities Act and the procedures under Tenn. [S.] Ct. Rule 45 did not apply to trial courts except in cases involving physical barriers and auxiliary aids.'

> In sum, [Marks] seeks federal judicial review under the ADA of the trial judge's orders and rulings on continuances.  Th[is] [c]ourt concludes that the Rooker-Feldman doctrine applies here.  The Sixth Circuit recently described this doctrine as applicable to

>> 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' The dispositive question regarding the jurisdictional issue, then, is whether the decision denying [the appellant] admission to practice law in Ohio was a state-court judgment for purposes of the *Rooker-Feldman* doctrine.

> *Raymond v. Moyer*, [501 F.3d 548, 551 (6th Cir. 2007)] (quoting *Exxon Mobil Corp. [v. Saudi Basic Industries Corp.]*, 544 U.S. 280, 284 (2005)[ ) ].

> Here, [Marks]'s pending state court appeal reflects that [Marks] ha[d] a [] state court judgment rendered against him prior to his filing [of] this action.  [Marks] is presenting his ADA claims to the Tennessee

Court of Appeals and to this [c]ourt. Whether the trial judge correctly ruled on continuances in [Marks]'s state court action case [sic] is an issue for the Tennessee appellate courts.

Thus, th[is] [c]ourt concludes that the Rooker-Feldman doctrine applies here and the Defendant[s'] motion to dismiss is GRANTED.

JA 36-37 (citations omitted). Marks filed a Motion to Alter or Amend the Judgment, which the district court denied. Marks timely appealed.

**II.**

We review *de novo* a district court's ruling that the *Rooker-Feldman* doctrine precludes subject matter jurisdiction. *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005). "While [we] generally review[] the denial of a Rule 59(e) motion to alter or amend a judgment for an abuse of discretion, [we apply] a *de novo* standard of review [] when the Rule 59(e) motion seeks review of a grant of summary judgment." *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). Because we find it appropriate to apply this same approach to the review of the denial of a Rule 59(e) motion that results in a jurisdictional bar on *Rooker-Feldman* grounds, we review both of the district court's rulings *de novo*.

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). But the *Rooker-Feldman* doctrine is also limited. It does not apply to parallel state and federal litigation. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). And it "has no application to judicial review of executive action, including determinations made by a state administrative agency." *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644, n.3 (2002).

Here, the district court accepted the defendants' contention that Marks sought "federal judicial review under the ADA of the [state court] trial judge's orders and rulings on continuances," and that *Rooker-Feldman* barred the action because Marks was

"presenting [equivalent] ADA claims to the Tennessee Court of Appeals and to th[e] [district] [c]ourt." We conclude that neither the district court's description of the claim nor its *Rooker-Feldman* analysis is correct.

In actuality, Marks's claim to the district court (and to this court on appeal) is that, as a qualified individual with a disability, he is entitled to reasonable accommodation, and, in this case, a reasonable accommodation would be to allow him to stay the court proceedings by faxing an RFM to the OAC (rather than moving the court for a continuance via an actual appearance or a filing at the courthouse) and to maintain that stay until his treating physicians had given him a medical release to proceed. Marks does not claim that he was injured by the court's rulings on the continuances (nor could he, inasmuch as the court granted every continuance), but instead claims that he was injured by: (1) his having to file the continuances (rather than the faxes) at all and to engage in this dispute with the court and the OAC about this accommodation while in his weakened and disabled condition; (2) the court's and the OAC's refusal to stay the proceedings (indefinitely) pending his doctor's release (i.e., their refusal to grant him his preferred "reasonable accommodation"); and (3) the court's and the OAC's failure to post the ADA signs in the court house, as required by the ADA. As a remedy, Marks seeks damages, based on his pain and suffering from these three alleged harms.

To be sure, Marks filed a direct appeal in the state appellate court in which he claimed that the trial court had erred by holding that the ADA and Tennessee Supreme Court Rule 45 did not allow the use of RFMs to continue the proceedings. And, the present claim — being essentially a claim that he was entitled to the reasonable accommodation of obtaining a stay of the proceedings by faxing an RFM — is a similar claim of error. But this claim involves different defendants, states a different injury, and seeks a different remedy. Furthermore, as a claim presented to the state appellate court, this claim was wholly meritless. That is, even if the state trial court erred by refusing to allow Marks to stay the proceedings by use of the RFM, the court nonetheless continued the proceedings every time Marks requested a stay, and therefore any error

affecting Marks under that formulation was clearly harmless.  The present case, on the other hand, is an ADA claim for *damages* and, even if the state-court claim could be deemed an ADA claim for damages (which is not likely), these are merely parallel actions, to which *Rooker-Feldman* does not apply.  *See Exxon Mobil*, 544 U.S. at 292.  Similarly, *Rooker-Feldman* does not apply to judicial review of the OAC's actions — the actions of a state administrative agency.  *See Verizon*, 535 U.S. at 644.

The defendants contend that even if we disagree with the district court's *Rooker-Feldman* ruling we should affirm on other grounds, namely that Marks has failed to set out a *prima facie* case of disability discrimination or retaliation.  But our review of the record (and of the issues, properly framed) leads us to conclude that material factual issues may be in dispute and we must afford the trial court the first opportunity to rule on those arguments.

## III.

For the foregoing reasons, we **REVERSE** the district court's dismissal of the case for lack of jurisdiction and **REMAND** for further proceedings consistent with this opinion.