NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0832n.06

No. 13-3127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SKYWAY INVESTMENT CORPORATION, | ) | **FILED**<br>Sep 16, 2013<br>DEBORAH S. HUNT, Clerk |
| Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| SOL TUSHMAN, et al., | ) | |
| | ) | OPINION |
| Appellees. | ) | |
| | ) | |

Before: COLE, KETHLEDGE, and STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge. This case presents another chapter in the saga of property sold by Marilyn Morris to Skyway Investment Corporation. Seeking to avoid its loss in state court, Skyway brought a claim under 42 U.S.C. § 1982 and § 1983 and now appeals the judgment of the district court dismissing the case for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. We AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

Skyway Investment Corporation bought a piece of land from Marilyn Morris that was not Morris's to sell. The plot, located in Ashtabula County, Ohio, has been "the subject of a protracted legal battle in both state and federal court, stretching back almost two decades." *Skyway Inv. Corp. v. Tushman*, No. 1:12 CV 1112, 2013 WL 30106, at *1 (N.D. Ohio Jan. 2, 2013). Years earlier,

-1-

Morris had entered into a written settlement agreement agreeing to convey the property to John Poss in satisfaction of a judgment Poss had secured against her in the Ashtabula County Court of Common Pleas. *See In re Morris*, 260 F.3d 654, 657 58 (6th Cir. 2001). Although the conveyance was incorporated into the state court's judgment, Morris was apparently loath to give the land to Poss. Poss was forced to return to the court of common pleas to force Morris to fulfill her end of the deal. *See State ex rel. Skyway Inv. Corp. v. Ashtabula Cnty. Ct. of Common Pleas*, 957 N.E.2d 24, 26 (Ohio 2011). Rather than honoring her commitment, Morris sold the property to Skyway before the court could rule. Moreover, "Skyway's attorney knew of the previous litigation, but concluded that Skyway was a bona fide purchaser for value." *Id.* Another round of litigation ensued and Poss's right to the land was again vindicated. The court of common pleas appointed William B. Davies to execute a deed conveying the property to Poss and Sol Tushman to act as receiver in the meantime.

Rather than appeal the trial court's ruling, Skyway petitioned the Ohio Court of Appeals for extraordinary relief: a writ of prohibition to bar both the receivership and the conveyance and a writ of mandamus to compel the trial court to vacate its judgments and orders. *Id.* The court of appeals denied Skyway's petition and the Ohio Supreme Court denied Skyway's subsequent appeal. *Id.* at 26, 28.

Foiled by the state courts, Skyway filed suit in the Northern District of Ohio alleging that Davies and Tushman would violate Skyway's civil rights under 42 U.S.C. § 1982 and § 1983 by complying with the orders of the court of common pleas. The district court found that Skyway "is essentially asking the Court to review and modify, on constitutional grounds, the judgment of the state court" and dismissed the case for lack of subject-matter jurisdiction pursuant to the *Rooker-*

*Feldman* doctrine, which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Skyway appealed.

## II. ANALYSIS

Skyway argues that its suit rightly seeks to enjoin the law's "minions" from their appointed tasks, but in focusing on the individuals to whom the state court entrusted completion of its decision, Skyway lost track of a more powerful kind of legal creature    the federal jurisdictional rule    and also lost track of the doctrines that serve the rule. To be sure, the *Rooker-Feldman* doctrine is relatively limited, being "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine occupies a "narrow ground," *id.*, and has a "limited grasp," *In re Smith*, 349 F. App'x 12, 18 (6th Cir. 2009). But it is this limited doctrine that serves to dispose of this protracted litigation. We begin with de novo review of the district court's ruling. *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009).

What brought Skyway to *Rooker-Feldman*? It is "the losing party in state court," having lost in the Ohio court of common pleas, court of appeals, and supreme court. *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (2011). And it invited the district court to "review and reject[]" those judgments, which were "rendered before the district court proceedings commenced." *Exxon Mobil Corp.*, 544 U.S. at 284. The remaining question is whether Skway's injuries were "caused," by the state-court judgment at issue. *Id.* "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury

complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). There are a number of escape routes, *see Exxon Mobil Corp.*, 544 U.S. at 287 88 (providing examples where *Rooker-Feldman* was held inapplicable); Skyway availed itself of none. Skyway is not challenging the determinations made by a state administrative agency, *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002), nor does it contest the validity of some underlying state statute or procedural rule, *Skinner*, 131 S.Ct at 1297 98. Nor has it presented some other kind of "independent claim, albeit one that denies a legal conclusion that [the] state court has reached." *Exxon Mobil Corp.*, 544 U.S. at 293 (quoting *GASH Assocs. v Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). The source of Skyway's alleged injury is the court of common pleas's adverse judgment, nothing else. Skyway asked the federal district court to "review and reject[]" that judgment, nothing more. *See id.* at 284. The district court appropriately engaged *Rooker-Feldman* to police the boundary of federal subject-matter jurisdiction and, finding this litigation beyond that boundary, properly dismissed the case.

### III. CONCLUSION

This ruling should serve as the final chapter in the "tangled history," *Morris*, 260 F.3d at 657, of this plot of land. For the foregoing reasons, we AFFIRM the order of the district court. It now falls to the court of common pleas to enforce its order and close the book on this matter. We hope it will be mindful of the effect that delay can have on justice.