NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0448n.06

Case No. 17-2145

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 29, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SUSAN FRITZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| STATE OF MICHIGAN; ALLEGAN | ) | MICHIGAN |
| COUNTY, MICHIGAN; STATE COURT | ) | |
| ADMINISTRATIVE OFFICE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: SUTTON, McKEAGUE, and THAPAR, Circuit Judges.

SUTTON, Circuit Judge. Susan Fritz claims that Allegan County, Michigan discriminated against her on the basis of disability by denying her requests for accommodation during a lawsuit. The district court granted the County's motion to dismiss because Fritz failed to state a claim against it. We affirm.

In 2010, Fritz filed a lawsuit in Michigan's 48th Judicial Circuit Court, which is located in Allegan County. The lawsuit alleged a breach of contract by a recreational community of which Fritz was a member, and she represented herself in filing it.

Fritz suffers from a "diagnosed invisible disability," and she repeatedly asked the County to accommodate her disability during the court proceedings. R. 14 at 1–2. For example, she asked

for additional time during argument, extensions of deadlines, the ability to record court proceedings, and the allowance of a disability advocate. According to Fritz, the County denied her requests from 2011 to 2015. Then, in 2015, when the County finally granted the accommodations, it allegedly obstructed her use of them.

In 2017, Fritz, now represented by a lawyer, sued Allegan County, the State of Michigan, and the Michigan State Court Administrative Office under Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act. Allegan County moved to dismiss the complaint, arguing that it had no responsibility for the 48th Circuit Court, which is part of the Michigan judiciary, and that Fritz otherwise failed to state a cognizable claim.

The district court granted the County's motion to dismiss. It also dismissed the lawsuit against the Administrative Office. After Fritz failed to comply with a court order, the court dismissed the case in its entirety. Fritz appeals only the dismissal of her suit against Allegan County. We review the court's ruling on a motion to dismiss with fresh eyes. *In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010).

To establish a claim of intentional discrimination under Title II of the ADA, Fritz must show that (1) she has a disability; (2) she is otherwise qualified to participate in a public program; and (3) she has been excluded from participation in the program or discriminated against by a public entity because of her disability. 42 U.S.C. § 12132; *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Section 504 of the Rehabilitation Act requires the same showing, except that the discrimination must be "solely" because of the disability. 29 U.S.C. § 794; *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452–53 (6th Cir. 2008).

Fritz's appeal faces three roadblocks, each sufficient to halt this lawsuit. *First*, she sued the wrong defendant. The proper defendant in an action under the ADA and the Rehabilitation

Act is the public entity responsible for the relevant program. *See Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016); *Anderson*, 798 F.3d at 357.

Allegan County does not exercise control over the 48th Judicial Circuit Court. The "ultimate responsibility for all aspects of court administration" belongs to Michigan's judicial branch. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762 (6th Cir. 2010) (quotation omitted). Michigan's State Court Administrative Office, not Allegan County, handles disability accommodation requests in Michigan courts. *See* Mich. Supreme Court Administrative Order No. 2015-5 (Sept. 16, 2015). From the outset, Fritz brought this claim against the wrong defendant.

*Second*, Fritz did not plausibly allege a cognizable disability. The ADA and the Rehabilitation Act define a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 29 U.S.C. § 705(9)(B); 42 U.S.C. § 12102(1)(A). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim that can survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fritz's disability claim does not satisfy this modest requirement. All that she says on this point is that she has a "diagnosed invisible disability which substantially limits her major life activities." R. 14 at 1. But that is a quintessential "[t]hreadbare recital[]." *Iqbal*, 556 U.S. at 678. Besides neglecting to give her disability a name, the claim is conclusory and contains no facts that describe the nature of her disability. *See Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 350 (6th Cir. 2015). This failing independently defeats her claim.

*Third*, she did not show that she was excluded because of her disability. Her complaint does not explain how the alleged disability impeded her lawsuit or how the denial of her accommodation requests excluded her from the court because of her disability. No doubt, the

3

County's actions may have caused her to suffer anxiety during court proceedings. But she is not alone. Litigation causes stress for many lawyers and many parties. That reality by itself, however, does not support an ADA complaint. *See Marks v. Tennessee*, 562 F. App'x 341, 346 (6th Cir. 2014).

Fritz adds that the district court had discretion to permit her to amend her complaint again. True. But it also had discretion not to. And the court didn't abuse its discretion when it denied Fritz's motion for leave to amend her complaint because the motion failed to comply with the court's rules. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783–84 (6th Cir. 2000). Nothing about this allegation supports a disability claim.

We affirm.